UNITED STATES DISTRICT COURT DISTRICT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

Civil Action No.: 1:25-cv-11202-JDA-SVH

JOHN L BRADSHAW

Plaintiff

RCV'D - USDC COLA SC
AUG 19 '25 AM 10:02

Vs.

THE HONORABLE JUDGE J. SMITHDEAL ( in his official capacity, responsible for issuing a no contact order absent all jurisdiction) And All Persons Acting in Concert or Participation

in RE Aiken County Family Court       Defendant
Case Hill vs. Hill n/k/a Bradshaw
2024-DR-02-00239)

PLAINTIFF'S VERIFIED COMPLAINT AND COMBINED EXPEDITED MOTION FOR

EMERGENCY TEMPORARY RESTRAINING ORDER, DECLARATORY JUDGMENT,

AND PRELIMINARY INJUNCTION

1. Plaintiff respectfully invokes this Court's inherent authority to suspend procedural formalities and expedite relief in light of ongoing state inflicted harm resulting in suicidal harm to a minor. Standard timelines are incompatible with the urgency of this matter.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Constitution and laws of the United States. Defendant, acting under color of state law, has violated Plaintiff's rights under the First and Fourteenth Amendments by issuing and enforcing a no-contact order in clear absence of jurisdiction,

3. Plaintiff John Bradshaw, appearing pro se, respectfully moves this Court under Rule 65 of the Federal Rules of Civil Procedure for an Emergency Ex Parte Temporary Restraining Order, Declaratory Judgment and Preliminary Injunction against Defendant. Plaintiff is NOT seeking Damages against defendant and seeks only to stop state inflicted harm to plaintiff and his three minor stepchildren.

4. The relief sought is to enjoin enforcement of a no-contact order that was issued in total absence of jurisdiction—without complaint, summons, service, hearing, or Plaintiff being named in any proceeding—and to prevent further irreparable harm stemming from the unconstitutional reassignment of primary custody based on a fabricated contempt violation.

5. The no-contact order, void ab initio, imposed no enforceable obligation on the named defendant (Plaintiff's wife), yet was weaponized against her to justify a custody transfer. The Family Court's reliance on this jurisdictionally void order to penalize a third party who bore no legal duty to enforce it constitutes a flagrant violation of procedural due process and exceeds its lawful authority.

6. Plaintiff has suffered ongoing, irreparable harm to his constitutional rights—including familial integrity, access to remedy, and due process—and seeks immediate injunctive relief to halt further deprivation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States. Venue is proper in the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(b

2. Federal jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343, and declaratory and injunctive relief is authorized under 28 U.S.C. § 2201 and Fed. R. Civ. P. 65. Plaintiff seeks prospective equitable relief to prevent ongoing constitutional harm and enforce federally protected rights.

3. This action arises from the enforcement of a void order issued in Aiken County Family Court Case No. 2024-DR-02-00239 (Hill v. Hill n/k/a Bradshaw), which was entered in clear absence of jurisdiction and continues to inflict constitutional harm

## PARTIES

4. Plaintiff: John Bradshaw, a resident of Aiken County and stepfather of Three minor children directly impacted by Defendant's conduct.

5. Defendant The Honorable Judge Smithdeal is named In his official capacity as the Judicial Officer who issued the no contact order absent all jurisdiction, no damages are sought against The honorable Judge Smithdeal,

**FACTUAL ALLEGATIONS**

6. On or about March 4th 2024, Defendant issued a No Contact Order against Plaintiff

7. The order was issued without any underlying complaint, petition, or summons naming Plaintiff as a party.

8. Plaintiff was not served, noticed, or afforded any opportunity to be heard prior to the issuance of the order.

9. The presiding judge acted in clear absence of jurisdiction, as no case or controversy existed before the court involving Plaintiff at the time of issuance.

10. The order was not supported by findings of fact, legal authority, or procedural safeguards as required under South Carolina law or the United States Constitution.

11. Plaintiff has been repeatedly forced to vacate his home under threat of contempt or arrest, despite the absence of lawful authority during his wife's visitation times with her children.

12. Plaintiff has been denied access to his stepchildren, resulting in severe emotional distress, psychological trauma to the minor children, and disruption of familial integrity.

13. The enforcement of the void order has caused Plaintiff to live in a state of constant instability, fear, and displacement.

## FIRST CAUSE OF ACTION

## MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

14. Plaintiff respectfully moves this Court for an emergency temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to immediately enjoin enforcement of the no-contact order issued in Aiken County Family Court Case No. 2024-DR-02-00239.

Plaintiff satisfies the standard for emergency relief as follows:

**Immediate and Irreparable Harm**

15. Enforcement of the no-contact order poses an imminent and irreparable threat to Plaintiff's constitutional rights, including:

16. First Amendment: Interference with protected speech and familial association.

17. Fourteenth Amendment: Deprivation of liberty interests without due process. Continued enforcement risks permanent damage to familial relationships, emotional trauma, and procedural entrenchment of unconstitutional restrictions.

**Likelihood of Success on the Merits;**

18. Plaintiff's claims are grounded in well-established constitutional protections. The no-contact order was issued without adequate findings, procedural safeguards, or compelling justification, rendering it facially and functionally unconstitutional.

**Balance of Equities**

19. The harm to Plaintiff far outweighs any speculative interest the Defendant may assert in maintaining the order. The requested TRO merely preserves the status quo pending full adjudication.

Public Interest

20. Enjoining enforcement serves the public interest by upholding constitutional rights, ensuring judicial accountability, and preventing further institutional harm.

Plaintiff respectfully requests that the Court issue a temporary restraining order without notice, pursuant to Rule 65(b)(1), as immediate relief is necessary to prevent further irreparable injury before the Defendant can be heard.

## MEMORANDUM OF LAW IN SUPPORT OF TRO

Under *Winter v. NRDC*, 555 U.S. 7 (2008), Plaintiff satisfies all four prongs:

1. Likelihood of Success: Defendant's actions violate clearly established constitutional rights.

2. Irreparable Harm: Plaintiff's stepchildren face imminent risk of self-harm; Plaintiff is denied federally protected constitutional and civil rights under the color of law and access and the courts.

3. Balance of Equities: Defendant suffers no harm from compliance; Plaintiff and stepchildren suffer daily trauma.

Public Interest: Protecting the public and especially children from state inflicted harm and upholding constitutional process is in the public interest.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT

## (28 U.S.C. § 2201)

Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

1. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the no-contact order issued in Aiken County Family Court Case No. 2024-DR-02-00239 is unconstitutional and void.

Specifically, Plaintiff requests that this Court declare:

2. That the no-contact order was issued in clear absence of jurisdiction, without complaint, summons, service, or hearing, and therefore violates Plaintiff's rights under the Fourteenth Amendment's Due Process Clause.

3. That the enforcement of said order has resulted in the unlawful deprivation of Plaintiff's familial association, in violation of the First and Fourteenth Amendments.

4. That the continued obstruction of remedy and refusal to adjudicate filings constitutes a denial of access to courts and retaliation against protected legal advocacy.

A declaratory judgment is necessary to formally invalidate the unconstitutional order and prevent its continued use as a basis for custody disruption, contempt threats, and institutional harm.

5. The Rooker-Feldman doctrine does not bar federal review where the challenged conduct was not a final judgment, involved independent constitutional violations, and was taken in clear absence of jurisdiction.

MEMORANDUM OF LAW SUPPORTING DECLARATORY JUDGMENT

1. Mitchum v. Foster, 407 U.S. 225 (1972) Confirms federal jurisdiction over constitutional claims arising from state court abuse, including injunctive and declaratory relief.

2. Ex parte Young, 209 U.S. 123 (1908) Establishes that federal courts may issue declaratory and injunctive relief against state officials acting unconstitutionally.

3. Santosky v. Kramer, 455 U.S. 745 (1982) Affirms that parental rights are protected by the Due Process Clause and cannot be infringed without rigorous procedural safeguards.

4. Troxel v. Granville, 530 U.S. 57 (2000) Recognizes the fundamental liberty interest of parents in the care, custody, and control of their children.

5. Bell v. Burson, 402 U.S. 535 (1971) Holds that due process requires notice and opportunity to be heard before state action affecting important interests.

6. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007) Clarifies that declaratory relief is appropriate when there is a substantial controversy of sufficient immediacy and reality.

# THIRD CAUSE OF ACTION

## PRELIMINARY INJUNCTION

Plaintiff further seeks a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, to enjoin continued enforcement of the no-contact order and any derivative actions arising from it, pending final resolution of this matter.

Plaintiff satisfies the standard for preliminary injunctive relief:

1. Likelihood of Success on the Merits The no-contact order was issued without jurisdiction or due process, and its enforcement violates clearly established constitutional rights.

2. Irreparable Harm Plaintiff and the affected minor children face ongoing emotional trauma, familial disruption, and denial of remedy. These injuries cannot be redressed by monetary damages.

3. Balance of Equities The harm to Plaintiff and the children outweighs any interest the Defendant may assert in maintaining an order issued without lawful authority.

4. Public Interest Granting injunctive relief serves the public interest by upholding constitutional safeguards, protecting vulnerable minors, and ensuring judicial accountability.

Plaintiff respectfully requests that the Court issue a preliminary injunction enjoining enforcement of the no-contact order and any related contempt or custody actions derived from it.

**MEMORANDUM OF LAW SUPPORTING PRELIMINARY INJUNCTION**

1. U.S. Const. amend. I – Freedom of Association & Petition Protects familial association and legal advocacy. Injunctive relief is appropriate to prevent continued infringement.

2. U.S. Const. amend. XIV – Due Process Clause Prohibits enforcement of state orders issued without jurisdiction, notice, or hearing. Supports injunction against unconstitutional state action.

3. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008) Establishes the four-part test for preliminary injunctions: (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities, and (4) public interest.

- Di Biase v. SPX Corp., 872 F.3d 224 (4th Cir. 2017) Applies the *Winter* standard in the Fourth Circuit. Confirms that constitutional violations and denial of remedy justify injunctive relief.

- Elrod v. Burns, 427 U.S. 347 (1976) Holds that the loss of First Amendment freedoms—even for minimal periods—constitutes irreparable harm.

- Mitchum v. Foster, 407 U.S. 225 (1972) Affirms federal authority to enjoin unconstitutional state court actions under 42 U.S.C. § 1983.

- Ex parte Young, 209 U.S. 123 (1908) Authorizes federal courts to enjoin state officials from enforcing unconstitutional laws or orders.

- Bell v. Burson, 402 U.S. 535 (1971) Reinforces that due process requires notice and hearing before state action affecting protected interests.

- Santosky v. Kramer, 455 U.S. 745 (1982) Recognizes the fundamental liberty interest in parental rights and the need for rigorous procedural safeguards.

## CLAIMS FOR RELIEF

4. Count I – Violation of Procedural Due Process (14th Amendment) Issuance of the NCO in absence of all jurisdiction and custody reassignment without jurisdiction, notice, or hearing violates Plaintiff's right to due process.

5. Count II – Violation of Substantive Due Process (14th Amendment) Interference with Plaintiff's familial rights and the stepchildren's safety interests constitutes a deprivation of liberty without justification.

6. Count III – Retaliation (1st Amendment) Obstruction of emergency filings and access to court is in retaliation for Plaintiff's protected legal advocacy.

7. Count IV – Denial of Access to Courts (1st and 14th Amendments) Refusal to docket filings and schedule hearings constitutes a systemic denial of access to judicial remedies.

8. Plaintiff asserts that the State, through affirmative and unauthorized judicial acts, has inflicted direct and foreseeable harm upon a minor child, culminating in suicidal ideation and psychological destabilization.

9. By issuing and enforcing a void no-contact order—absent jurisdiction, due process, or evidentiary basis—the State has created a danger the child would not otherwise face, satisfying the criteria of the State-Created Danger Doctrine under *DeShaney v. Winnebago County*, 489 U.S. 189 (1989).

10. These acts constitute arbitrary and retaliatory deprivation of liberty interests protected by the Fourteenth Amendment's Due Process Clause. Plaintiff seeks immediate injunctive relief under Fed. R. Civ. P. 65 to prevent further irreparable harm, and moves to expedite proceedings under Fed. R. Civ. P. 6 and applicable local rules.

11. The Court retains inherent authority to intervene where manifest injustice and constitutional violations are evident, and where state remedies have proven obstructed or futile. Public interest and equity weigh decisively in favor of urgent federal intervention.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), without notice, to prevent imminent and irreparable harm to Plaintiff and the minor children pending full adjudication.

2. Enjoin retaliatory conduct by judicial staff, including refusal to docket filings, denial of hearings, and obstruction of emergency relief, as violations of Plaintiff's First Amendment right to petition and Fourteenth Amendment right to access courts.

3. Issue a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that:

4. The no-contact order issued in Aiken County Family Court Case No. 2024-DR-02-00239 is void ab initio and unconstitutional;

5. Declare that the State-Created Danger Doctrine applies, and that the Defendant's actions have directly contributed to psychological harm and suicidal ideation in a minor child, warranting immediate federal intervention.

6. The issuance and enforcement of said order violated Plaintiff's rights under the First and Fourteenth Amendments, including familial integrity, procedural due process, and access to courts;

7. The reassignment of custody based on a fabricated contempt finding against a non-party constitutes unlawful state action taken in clear absence of jurisdiction.

8. Issue a Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a), enjoining:

9. Any enforcement of the no-contact order;

10. Any contempt proceedings, custody interference, or derivative actions arising from said order;

11. Any further obstruction of Plaintiff's access to remedy in state court.

12. Retain jurisdiction to monitor compliance and enforce constitutional protections throughout the pendency of this matter.

13. Grant such other and further relief as the Court deems just, proper, and necessary to prevent ongoing constitutional harm and ensure judicial accountability.

Respectfully submitted,

John Bradshaw
Pro Se Plaintiff
2147 Piper Rd Aiken SC 29805
jbradshaw566@gmail.com
8036150815

This the 18th Day of August 2025

**Declaration of John Bradshaw in Support of Emergency Relief**

I, John Bradshaw, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and submit this declaration in support of my Verified Complaint and Combined Motion for Emergency Temporary Restraining Order, Declaratory Judgment, and Preliminary Injunction.

2. I am a resident of Aiken County, South Carolina, and the stepfather of three minor children directly impacted by the unconstitutional conduct described herein.

3. On or about March 4, 2024, a No-Contact Order was issued against me by Judge Smithdeal in the Aiken County Family Court. This order was entered without complaint, summons, service, hearing, or any proceeding naming me as a party.

4. I was not served, noticed, or afforded any opportunity to be heard prior to the issuance of the order. No findings of fact or legal authority supported its issuance.

5. The order was void ab initio, issued in clear absence of jurisdiction, and has since been used to justify a custody reassignment based on a fabricated contempt finding against my wife—who was not subject to the order and bore no legal duty to enforce it.

6. As a direct result of this enforcement, one of my minor stepchildren has disclosed suicidal ideation and emotional deterioration. These disclosures are ongoing and directly linked to the custody disruption and forced separation.

7. I have been repeatedly displaced from my home under threat of contempt or arrest, despite the absence of lawful authority. This has caused severe emotional distress to me and the children.

8. Judicial staff have obstructed my access to remedy by refusing to docket filings, denying hearings, and withholding case updates. These acts constitute retaliation for my protected legal advocacy and violate my First and Fourteenth Amendment rights.

9. I am not seeking damages. I seek only prospective equitable relief to halt ongoing constitutional violations and prevent further harm to the children.

10. I respectfully assert that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and that the Rooker-Feldman doctrine does not apply because I am not seeking appellate review of a final state judgment, but prospective relief from unconstitutional enforcement actions taken in clear absence of jurisdiction.

11. I further assert that judicial immunity does not bar this action, as I seek only injunctive relief against officials in their official capacity under Ex parte Young.

12. I respectfully request that this Court issue an Emergency Temporary Restraining Order and Preliminary Injunction to enjoin enforcement of the void no-contact order and custody reassignment, and declare the underlying contempt findings unconstitutional.

13. Emergency filings have also been submitted to the South Carolina Supreme Court which assigned docket number 2025-01542, stamped August 4th 2025, despite these filings disclosing evidence of state inflicted harm to minor children the supreme court has yet to assign a justice or present the filings for review with the clerk claiming " this is an internal administrative issue"

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of August 2025. Aiken County, South Carolina

Respectfully submitted,

John Bradshaw
Pro Se Plaintiff
2147 Piper Rd Aiken SC 29805
jbradshaw566@gmail.com
8036150815

This the 18th Day of August 2025