# EXHIBIT

# A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT |
| COUNTY OF AIKEN ) | CASE NO.24-DR-02- |
| MANUEL ALEXANDER HILL ) | |
| PLAINTIFF ) | |
| VERSUS ) | ORDER |
| JESSICA NICOLE PENNINGTON HILL ) | |
| DEFENDANT ) | |

10918

DATE OF HEARING: MARCH 4, 2024
PRESIDING JUDGE: HON. JOSEPH C. SMITHDEAL
ATTORNEY FOR PLAINTIFF: JOHN HARTE
ATTORNEY FOR DEFENDANT: PRO SE
GUARDIAN AD LITEM: JACKIE BUSBEE
COURT REPORTER: DCRP

This matter is before the Court pursuant to an Order for Emergency Hearing and Relief granted by Judge McGee and filed by the Plaintiff.

The Plaintiff was present with his attorney John Harte. The Defendant was present Pro-se.

An oral motion was made by the Defendant to continue the hearing on the grounds of insufficient service. That motion was denied. Pursuant to the Order granting an emergency hearing, the Defendant was entitled to 24 hours' notice. The Defendant was given notice as required.

Based upon the record before this Court, the Court makes the following statements, findings of facts and conclusions of law.

The Plaintiff and Defendant are residents of Aiken County South Carolina. The children whose custody is at issue in this action reside in Aiken County, South Carolina.

FILED
AIKEN COUNTY
MAR 08 2024 1:18A0
CLERK OF COURT

RECEIVED
MAR 08 2024
M00243
ACSO CIVIL PROCESS

19

The parties share joint custody on a week-to-week basis pursuant to the Decree of Divorce entered in this Court on October 16, 2023

This Court finds that the Defendant has kept the children from school without just cause and has denied visitation. I further find that the Defendant is living with an individual, John Bradshaw. The allegations regarding Mr. Bradshaw are troubling. He is facing charges of pointing and presenting in Aiken County. The Plaintiff's affidavit includes other allegations which are not as yet proved. John Bradshaw has instigated confrontations and is a bad influence in this case. This Court finds that contact between the children and John Bradshaw, who is not married to the Defendant, is not in the children's best interest. Therefore, pending further Order, the Defendant's boyfriend, John Bradshaw, is no longer allowed contact with the minor children, directly, indirectly, or through third party communications.

The Court also determined that the father has a fiancé who is living with him. This Court will not sanction that conduct and the father was admonished that he should either marry the fiancé or move her out of the home where the children come when they are with the father.

The Defendant may not keep the children from school and, under penalty of contempt, when the children are with the Defendant, the Defendant will ensure that, the children attend school regularly beginning 3/4/24.

The Divorce Decree which was entered in October, 2023 remains in full force and effect and, on pain of contempt, the parties will follow the visitation schedule set forth in their final order in case number 20-DR-02-1019.

Each party is permitted 2 calls minimum per week with each child while the children are with the other party. If the children have a phone of their own they may contact each party freely.

Both parties will refrain from discussing any pending litigation between the parties with the children or in front of the children with others.



Both parties must obtain the Our Family Wizard App and they must use that for all communications with each other. All child activities shall be posted on OFW. The Guardian must be given access to all communications and posts.

Both parties will refrain from speaking negatively or making disparaging comments about the other to the children or in the presence of the children. Both parties will refrain from making negative and disparaging comments about the other to any family members.

Pending further Order or written consent for the other party, neither party is permitted to remove the children from the state of South Carolina. The Parties will inform each other if the children are to be out of Aiken County for more than an overnight. The parties may not take the children beyond the boundaries of South Carolina unless a medical emergency requires them to take the children to a medical facility in Augusta, Ga.

Removal from the State of South Carolina or a failure to keep the other parent informed as to the whereabouts of the children will be a sufficient grounds to trigger the Parental Kidnapping Act and will justify an immediate order changing custody.

Jackie Busbee is appointed as Guardian ad Litem. Within 10 days of the date of this Order, the parties will each pay $750.00 as an initial retainer. The initial cap on GAL fees is $2,500.00. The Guardian is requested to provide an initial report within 60 days of the filing of this Order.

Each party must submit an updated financial declaration to the court within 10 days of March 4, 2024. The court reserves the right to modify child support when those financial declarations are received. In that regard, the Court notes that the Divorce Decree does not require child support from either party.

The request for attorneys' fees is held in abeyance.

Upon receipt of the interim report from the Guardian Ad Litem, either party may request

3.

a de novo hearing as to the relief granted in this Order.

## ORDER OF THE COURT

Accordingly, it is

ORDERED that the Defendant's boyfriend, John Bradshaw, shall have no contact with the minor children, directly, indirectly, or through third party communications. And it is

FURTHER ORDERED that the Defendant shall ensure the children attend school regularly beginning 3/4/24. And it is

FURTHER ORDERED that the Divorce Decree in case number 20-DR-02-1019 shall remain in full force and effect the parties shall follow the visitation schedule set forth in that same Order. And it is

FURTHER ORDERED that each party shall have two (2) calls minimum weekly with each child while the children are with the other party for visitation. If the children have a phone of their own they may contact each party freely. And it is

FURTHER ORDERED that both parties shall refrain from discussing any pending litigation between the parties with the children or in front of the children with others. And it is

FURTHER ORDERED that both parties shall refrain from speaking negatively or making disparaging comments about the other to the children or in the presence of the children. And it is

FURTHER ORDERED that both parties shall refrain from making negative and disparaging comments about the other to any family members. And it is

FURTHER ORDERED that neither party shall remove the children from the state of South Carolina except by written consent or for emergency medical treatment. The parties shall inform the other if the children will be staying overnight outside of Aiken County. Any violation

of this clause shall trigger the Parental Kidnapping Act and shall result in an Order granting immediate change of custody to the non-offending party. And it is

FURTHER ORDERED that the parties shall communicate through Our Family Wizard. The parties shall post all child activities on OFW. The parties shall give the Guardian ad Litem access to the communications and posts made in OFW. And it is

FURTHER ORDERED that Jackie Busbee shall be appointed to serve as Guardian ad Litem. Within 10 days of the date of Order of appointment each party shall pay to the GAL a retainer in the amount of $750.00. The initial cap on GAL fees shall be $2,500.00. And it is

FURTHER ORDERED that the GAL shall submit an interim report within 60 days of her appointment. Upon receipt of the GAL's interim report, either party may request a de novo hearing on the relief granted in this Order. And it is

FURTHER ORDERED that Each party shall submit an updated financial declaration to the court within 10 days of March 4 2024. And it is

FURTHER ORDERED that the Court reserves the right to calculate child support based upon the information provided in the parties' financial declarations. And it is

FURTHER ORDERED that attorney's fees shall be held in abeyance. And it is

SO ORDERED

Judge Joseph C. Smithdeal
Presiding Family Court Judge, 2nd Judicial Circuit

Done this the 7 day of March 2024

5

23

| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT |
|---|---|---|
| | ) | 2nd JUDICIAL CIRCUIT |
| COUNTY OF Aiken | ) | |
| | ) | |
| MANUEL ALEXANDER HILL | ) | MOTION AND ORDER INFORMATION |
| Plaintiff, | ) | FORM AND COVERSHEET |
| vs. | ) | |
| | ) | |
| JESSICA NICOLE PENNINGTON HILL | ) | |
| Defendant. | ) | Docket No. 2024-DR-02-239 |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| JOHN HARTE, Bar No. 2773 | PRO SE, Bar No. 2773 |
| Address: | Address: |
| 702 CHAFFEE LN AIKEN, SC 29801 | |
| Phone: 803-226-0755 Fax ____ | Phone: ____ Fax ____ |
| E-mail: JOHN@JWHARTELAW.COM Other: ____ | E-mail: ____ Other: ____ |

☐ MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)
☐ FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)
☒ PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)

### SECTION I: Hearing Information

Nature of Motion: ____
Estimated Time Needed: ____   Court Reporter Needed: ☐ YES / ☐ NO

### SECTION II: Motion/Order Type

☐ Written motion attached
☒ Form Motion/Order

I hereby move for relief or action by the court as set forth in the attached proposed order.

_[signature]_   MARCH 7 2024
Signature of Attorney for ☒ Plaintiff / ☐ Defendant   Date submitted

### SECTION III: Motion Fee

☐ PAID – AMOUNT: $ ____
☒ EXEMPT:
(check reason)
  ☐ Rule to Show Cause in Child or Spousal Support
  ☐ Domestic Abuse or Abuse and Neglect
  ☐ Indigent Status   ☐ State Agency v. Indigent Party
  ☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
  ☐ Motion for Stay in Bankruptcy
  ☐ Motion for Publication   ☐ Motion for Execution (Rule 69, SCRCP)
  ☐ Proposed order submitted at request of the court; or,
    reduced to writing from motion made in open court per judge's instructions
  Name of Court Reporter: ____
  ☐ Other:

### JUDGE'S SECTION

☐ Motion Fee to be paid upon filing of the attached order.
☐ Other: ____

JUDGE CODE 4165   Date: 3/12/24
Judge Signature: _[signature]_

### CLERK'S VERIFICATION

Collected by: ____   Date Filed: ____
☐ MOTION FEE COLLECTED: $ ____
☐ CONTESTED – AMOUNT DUE: $ ____

Custodial Parent (if applicable): ____

24

| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT |
|---|---|---|
| COUNTY OF AIKEN | ) | SECOND JUDICIAL CIRCUIT |
| | ) | |
| MANUEL A. HILL | ) | |
| Plaintiff, | ) | JUDGMENT IN A |
| | ) | FAMILY COURT CASE |
| vs. | ) | |
| | ) | |
| JESSICA N. P. HILL | ) | |
| Defendant. | ) | Docket No. 2024-DR-02-239 |

Submitted by: _____

Attorney for ☐ Plaintiff  ☐ Defendant
or
☐ Self-Represented Litigant  ☐ GAL

### DECISION BY COURT (check all that apply)

☒ This action came to trial, hearing or was resolved by consent and an order was rendered.
☐ This action has been dismissed pursuant to  ☐ Rule 12(b), SCRCP  ☐ Rule 41(a), SCRCP
☐ Rule 43(k), SCRCP  ☐ Family Court Benchmark
☐ Other: _____

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order;  ☐ Statement of Judgment by the Court:

_____

☐ Additional information for Clerk: _____

### ORDER INFORMATION

This is a ☐ Temporary ☐ Final order. If Final, does this order end the case? ☐ Yes ☐ No
Support ☐ is not ordered ☐ is ordered, and it is to be paid ☐ through the court, ☐ directly to the CP.
Case number under which support is paid if different from this one: _____
This order involves the immediate ☐ issuance ☐ dismissal of a bench warrant, or ☐ does not apply.
☐ The following motions are ended by this order (include motion filing date): _____
☐ This order adds or dismisses the following parties to this case:
  ☐ dismiss ☐ add: _____         ☐ dismiss ☐ add: _____

### INFORMATION FOR THE PUBLIC INDEX/TRANSCRIPT OF JUDGMENT (§ 20-3-670(B)(1))
Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information to enroll, indicate "N/A" in one of the boxes below.

| Judgment In Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount to be Enrolled (List amount(s) below) |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

If applicable, describe the property, including tax map information and address, referenced in the order:

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the South Carolina Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: title abstractors and researchers should refer to the official court order for judgment details.

_____    _____    _____
Family Court Judge            Judge Code         Date

SCRCP Form 4F (10/2011)                                    1 of 2

25

**FOR CLERK OF COURT OFFICE USE ONLY**

Docket No. 2024-DR-02-239

This judgment was entered on the March 8, 2024 and a copy mailed first class or placed in the appropriate attorney's box on March 8, 2024 to attorneys of record or to parties when appearing pro se) as follows:

*ATTORNEY (S) FOR THE PLAINTIFF(S)*    *ATTORNEY (S) FOR THE DEFENDANT(S)*

JOHN HARTE, ESQ (B)


*GUARDIAN AD LITEM*

JACKIE BUSBEE, ESQ (M)


_____
**CLERK OF COURT**

Court Reporter: _____    By: ASHLEY DAVIS _____

Custodial Parent (if applicable): _____