# EXHIBIT

# A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF AIKEN | )<br>) | 2ND JUDICIAL CIRCUIT |

| MANUEL ALEXANDER HILL<br>PLAINTIFF | SUBPOENA TO PRODUCE DOCUMNTS |
|---|---|
| JESSICA NICOLE PENNINGTON HILL<br>DEFENDANT | |

Docket No. 24-DR-02-239

**TO:; CHILD ADVOCACY CENTER - 4231 Trolley Line Rd, Aiken, SC 29801**

YOU ARE COMMANDED to appear in the above-named court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME (☐A.M/☐P.M.) |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME  ,  (☐A.M/☐P.M.) |
|---|---|

**X YOU ARE COMMANDED to produce to John Harte Law Office P.O. Box 7215 Aiken, SC 29804 the following records and documents within 14 days after service upon you, exclusive of the date of service:** any and all records regarding Kylar Hill (3/23/3011), Catherine Hill (1/14/2016), and John Hill (2/9/2015) including, but not limited to, recorded and video interviews, intake forms, reports, and notes from any and all sessions.

ANY SUBPOENAED ORGANIZATION NOT A PARTY TO THIS IS HEREBY DIRECTED TO RULE 30(b)(6), SOUTH CAROLINA RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION.

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1), AND THAT NOTICE AS REQUIRED BY RULE 45(b)(1) HAS BEEN GIVEN TO ALL PARTIES.

| _[signature]_ | 3/22/24 | John W. Harte #2773 | |
|---|---|---|---|
| Attorney/Issuing Officer's Signature<br>JOHN W. HARTE (SC BAR # 2773) 702 Chaffee Lane,<br>Aiken, S.C. 803 226 0755 | Date | Print Name | |

| | Date | | Print Name |
|---|---|---|---|
| Clerk of Court/Issuing Officer's Signature<br>Pro Se Litigant's Name, Address and Telephone Number : | | | |

Custodial Parent (if applicable): _____

SCCA 254F (05/2015)

## PROOF OF SERVICE

| SERVED | DATE | FEES AND MILEAGE TO BE TENDERED TO WITNESS UPON DAILY ARRIVAL |
| --- | --- | --- |
|  | PLACE | X YES  ☐ NO    AMOUNT $ 25.00 plus mileage |
| SERVED ON s |  | MANNER OF SERVICE |
| SERVED BY |  | TITLE |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, South Carolina Rules of Civil Procedures, Parts (c) and (d):

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. A party or an attorney responsible for the issuance and service of a subpoena for production of books, papers and documents without a deposition shall provide to another party copies of documents so produced upon written request. The party requesting copies shall pay the reasonable costs of reproduction.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance; or

(ii) requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

SCCA 254F (05/2015)

(iii) requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(6)(B). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT |
| ) | SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | 2024-DR-02-00215 239 |
| ) | |
| JESSICA HILL ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **PROTECTIVE ORDER REGARDING** |
| MANUEL HILL ) | **CAC RECORDS** |
| ) | |
| Defendant. ) | |
| ) | |

\*           \*           \*

The parties to the above-referenced action agree to the following requirements as it relates to the release of CAC Records (forensic interviews and reports) involving the minor child(ren) at issue in this current action:

1. That said copy and/or digital link of the interview(s) and copy of report(s) are in the possession of the Children's Advocacy Center who conducted the interview of minor child(ren);
2. That access through a digital link to the full video interview(s) of the minor child(ren) shall be made available to the attorneys representing the parties listed above;
3. That the purpose of the use of the interview(s) by the parties is to prepare for their respective cases in the pending action. Therefore, a digital link of the recording shall be provided to the parties, their attorneys, any hired experts, or any other representative or employee of the law offices of the attorneys aforementioned and the ability to view the video(s) shall be limited to those parties for the specific purpose of representing their respective parties.
4. That said video shall not be publicly exhibited, shown, displayed, used for educational, research, or demonstrative purposes, or used in any other fashion, except in judicial proceedings in the above-referenced action;
5. The attorneys and the parties agree and understand that the digital link has security features that will prohibit the download of the video(s) therefore no hard copies of the video(s) shall be made.
6. That no transcript of said copy, nor the substance of any portion thereof, shall be divulged to any person not authorized to view the recording;
7. That no person shall be granted access to said copy, any transcription thereof, or the substance of any portion thereof unless that person has first signed an agreement in writing that he or she has received a copy of this protective order, that he or she submits

FILED
AIKEN COUNTY
AUG 3 0 2024  11:53 AM
CLERK OF COURT



to the Court's Jurisdiction with respect to it and that he or she will be subject to the Court's contempt powers for any violation of it;

AND IT IS SO ORDERED.

WE CONSENT:

_____
Attorney for Plaintiff

_____
Attorney for Defendant

Dated: _____

_____
Presiding Judge
Second Judicial District

to the Court's Jurisdiction with respect to it and that he or she will be subject to the Court's contempt powers for any violation of it;

AND IT IS SO ORDERED.

WE CONSENT:

_____        _____
Attorney for Plaintiff                 Attorney for Defendant



Dated: _____          _____
                                       Presiding Judge
                                       Second Judicial District

| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT |
|---|---|---|
| | ) | 2nd JUDICIAL CIRCUIT |
| COUNTY OF Aiken | ) | |
| | ) | |
| | ) | |
| JESSICA NICOLE PENNINGTON HILL | ) | MOTION AND ORDER INFORMATION |
| Plaintiff, | ) | FORM AND COVERSHEET |
| vs. | ) | |
| | ) | |
| MANUEL ALEXANDER HILL | ) | 239 |
| Defendant. | ) | Docket No. 2024-DR-02-02**1/5** |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| Amanda Keen, Bar No. _____ | John Harte, Bar No. 2773 |
| Address: | Address: |
| 2604 Commons Blvd Augusta GA 30909 | 702 Chaffee Ln Aiken, SC 29801 |
| Phone: 706-722-7542 Fax _____ | Phone: 803-226--0755 Fax _____ |
| E-mail: _____ Other: _____ | E-mail: JOHN@JWHARTELAW.COM Other: _____ |

☒ **MOTION HEARING REQUESTED** (attach written motion and complete SECTIONS I and III)
☐ **FORM MOTION, NO HEARING REQUESTED** (complete SECTIONS II and III)
☒ **PROPOSED ORDER/CONSENT ORDER** (complete SECTIONS II and III)

**SECTION I: Hearing Information**

Nature of Motion: _____
Estimated Time Needed: _____    Court Reporter Needed: ☐ YES / ☐ NO

**SECTION II: Motion/Order Type**

☐ Written motion attached
☒ Form Motion/Order

I hereby move for relief or action by the court as set forth in the attached proposed order.

_____signature_____                            August ~~15~~ 19 2024
Signature of Attorney for ☐ Plaintiff / ☒ Defendant    Date submitted

**SECTION III: Motion Fee**

☒ PAID — AMOUNT: $ _____
☐ EXEMPT:
(check reason)
  ☐ Rule to Show Cause in Child or Spousal Support
  ☐ Domestic Abuse or Abuse and Neglect
  ☐ Indigent Status    ☐ State Agency v. Indigent Party
  ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
  ☐ Motion for Stay in Bankruptcy
  ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
  ☐ Proposed order submitted at request of the court; or,
    reduced to writing from motion made in open court per judge's instructions
  Name of Court Reporter: _____
  ☐ Other: _____

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ Date: _____ |
| ☐ Other: _____ | Judge Signature: _____ |

**CLERK'S VERIFICATION**

Collected by: _____    Date Filed: _____
☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

Custodial Parent (if applicable): _____

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT |
| | ) | SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN | ) | |
| | ) | |
| JESSICA HILL | ) | JUDGMENT IN A |
| Plaintiff, | ) | FAMILY COURT CASE |
| vs. | ) | |
| MANUEL HILL | ) | |
| Defendant. | ) | Docket No. 2024-DR-02-239 |

| Submitted by: | Attorney for ☐ Plaintiff    ☐ Defendant |
| --- | --- |
| | or |
| | ☐ Self-Represented Litigant    ☐ GAL |

## DECISION BY COURT (check all that apply)

☒ This action came to trial, hearing or was resolved by consent and an order was rendered.

☐ This action has been dismissed pursuant to    ☐ Rule 12(b), SCRCP ☐ Rule 41(a), SCRCP
☐ Rule 43(k), SCRCP ☐ Family Court Benchmark
☐ Other: _____

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order; ☐ Statement of Judgment by the Court:

☐ Additional information for Clerk: _____

## ORDER INFORMATION

This is a ☐ Temporary ☐ Final order. If Final, does this order end the case? ☐ Yes ☐ No
Support ☐ is not ordered ☐ is ordered, and it is to be paid ☐ through the court. ☐ directly to the CP.
Case number under which support is paid if different from this one: _____
This order involves the immediate☐ issuance ☐ dismissal of a bench warrant, or ☐ does not apply.
☐ The following motions are ended by this order (include motion filing date): _____
☐ This order adds or dismisses the following parties to this case:
    ☐ dismiss ☐ add: _____        ☐ dismiss ☐ add: _____

### INFORMATION FOR THE PUBLIC INDEX/TRANSCRIPT OF JUDGMENT (§ 20-3-670(B)(1))
Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information to enroll, indicate "N/A" in one of the boxes below.

| Judgment In Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount to be Enrolled (List amount(s) below) |
| --- | --- | --- |
| | | $ |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the South Carolina Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: title abstractors and researchers should refer to the official court order for judgment details.**

_____    _____    _____
**Family Court Judge**         Judge Code          Date

SCRCP Form 4F (10/2011)                                    1 of 2

**FOR CLERK OF COURT OFFICE USE ONLY**

Docket No. 2024-DR-02-239

This judgment was entered on the **August 30, 2024** and a copy mailed first class or placed in the appropriate attorney's box on **August 30, 2024** to attorneys of record or to parties when appearing pro se) as follows:

*ATTORNEY (S) FOR THE PLAINTIFF(S)*    *ATTORNEY (S) FOR THE DEFENDANT (S)*

AMANDA P. KEEN, ESQ (M)    JOHN HARTE, ESQ (B)

*GUARDIAN AD LITEM*

JACKIE BUSBEE, ESQ (M)

*Robin J. Ho* (signature)
**CLERK OF COURT**

Court Reporter: _____

By: ASHLEY DAVIS /AD

Custodial Parent (if applicable): _____

SCRCP Form 4F (10/2011)    2 of 2