EXHIBIT

E

STATE OF SOUTH CAROLINA
IN THE SUPREME COURT OF SOUTH CAROLINA


**Clerk of Court South Carolina Supreme Court**
1231 Gervais Street Columbia, SC 29201


RE: REQUEST FOR EXPEDITED REVIEW – Petition for Writ of Mandamus Case No 2025-000736


To the Honorable Clerk of Court:

I respectfully submit this Petition for Writ of Mandamus seeking immediate review by the South Carolina Supreme Court, as this matter presents urgent constitutional violations, judicial misconduct, and procedural obstruction that require swift corrective action.

The presiding Judge, The Honorable V Snelgrove has wrongfully dismissed my Motion to Recuse and Vacate, citing her impending retirement in 15 days rather than ruling on the clear legal grounds presented in my filing. Additionally, the judge has knowingly relied on illegally obtained evidence in issuing a custody reassignment order during a rule to show cause without holding a full hearing thus, violating my Fourth and Fourteenth Amendment rights.

Further exacerbating this injustice, the Clerk's Office, Specifically Heidi Wilbanks, and the Clerk of Court himself, The Honorable Robert Harte, whom is the brother of the respondents attorney John Harte, has obstructed my ability to file an appeal for the January 15, 2025 Rule to Show Cause, enforcing nonexistent requirements and arbitrary restrictions that have denied my access to legal recourse. The judge will likely argue that I could have pursued supersedeas relief, but doing so would have enabled her to retire before corrective action was taken, leaving me without any viable remedy.

Due to the time-sensitive nature of this case and the irreparable harm that will result if intervention is delayed, I respectfully request the South Carolina Supreme Court grant expedited review of this petition. A prompt ruling is necessary to prevent further obstruction, ensure judicial accountability, and restore due process before the judge vacates her position.

I appreciate your attention to this matter and respectfully urge immediate review of this petition. Please do not hesitate to contact me should further clarification be required.

Sincerely,

*Jessica N Bradshaw* Defendant/ Petitioner, Pro Se

This 21st Day of April 2025, In Aiken County South Carolina

# STATE OF SOUTH CAROLINA

## IN THE SUPREME COURT OF SOUTH CAROLINA
### CASE NO.2025-000736

**JESSICA N BRADSHAW**

Defendant/Petitioner,

v.

**THE AIKEN COUNTY FAMILY COURT 2ⁿᵈ JUDICIAL CIRCUIT**

**THE HONORABLE JUDGE VICKIE J SNELVGROVE PRESIDING**

Respondent

**MANUEL A HILL**

**JOHN W HARTE**(attorney for plaintiff)      Plaintiff/Respondent,

**JACKIE F BUSBEE**(GAL)

Party Having Interest

# VERIFIED AFFIDAVIT IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

## INTRODUCTION

I Jessica N Bradshaw Defendant / Petitioner respectfully petitions the South Carolina Supreme Court for the issuance of a Writ of Mandamus, compelling Family Court Judge V Snelgrove to properly adjudicate Defendant's Motion to Recuse and Vacate and correct procedural violations, judicial misconduct, and obstructions that have caused irreparable harm.

Despite clear legal obligations, the judge refused to rule on Defendant's Motion to Recuse and Vacate. Instead of addressing the legal arguments and evidentiary violations presented, the judge repeatedly demanded that Defendant identify the specific law under which the motion was filed, despite the motion already containing explicit citations to South Carolina judicial recusal statutes and ethical standards.

Then, without legal justification, the judge abruptly dismissed Defendant's motion, citing her upcoming retirement in 15 days as the reason for refusal. This dismissal constitutes procedural obstruction and judicial misconduct, as a judge cannot lawfully reject a properly filed motion solely based on their departure from the bench.

Furthermore, the judge has acknowledged the use of illegally obtained evidence in the custody reassignment order—including evidence obtained via trespassing by a private investigator—yet failed to exclude it, instead relying on it to issue rulings against Defendant. Additionally, the judge has allowed Plaintiff's attorney to engage in procedural manipulation, ex parte discussions, and obstruction, further compromising Defendant's right to a fair hearing.

Given the judge's imminent retirement on April 3oth 2025,, her refusal to rule threatens to leave Defendant's case in legal limbo, preventing any resolution of the judicial violations and injustices present in this matter.

## JURISDICTION

The South Carolina Supreme Court has original jurisdiction under Rule 245, SCACR, to issue a Writ of Mandamus, compelling lower courts to fulfill their legal duties.

1. On March 14 2025, I properly filed a Motion to Recuse and Vacate with the Family Court in Aiken County, yet the presiding judge failed to rule despite a clear legal obligation to do so.

2. At the hearing which took place on April 15th 2025, the judge repeatedly stated, "We need to do some housekeeping before we get to the meat of the motion," before improperly claiming that my motion did not specify which law the motion was being filed under, despite those grounds being explicitly stated.

3. During the April 15th 2025 hearing Judge Snelgrove stated that she was retiring in 15 days and that neither party would ever appear before her again thus making the motion to recuse and vacate irrelevant.

4. During the January 15th 2025 Rule to Show Cause hearing Judge Snelgrove confirmed that certain evidence used in the custody reassignment order was illegally obtained, verifying that a private investigator trespassed on my property and illegally planted a hidden camera, and asking whether the land was properly marked. Despite confirming the illegal nature of the evidence, she knowingly relied on it in her ruling, violating judicial ethics and evidentiary standards.

5. I was prevented from filing an appeal or motion for review because the Clerk's Office refused to accept any filings, enforcing nonexistent rules and arbitrarily restricting who could submit filings and when.

6. My husband attempted to file a Motion to Intervene, which was unlawfully refused by Robert Harte The Aiken County Clerk of Court, whom is the brother of the plaintiffs attorney John W Harte (see included email chain) without justification, further obstructing legal proceedings and exceeding his authority.

7. I attempted to submit an ex parte request for an emergency hearing and request for judicial intervention to Judge Frierson Smith, but her assistant ignored the filing and improperly forwarded it to Plaintiff's attorney, falsely claiming it constituted ex parte communication—despite the fact that ex parte requests for emergency hearings are legally permissible in urgent matters.

8. The court issued a no-contact order against my husband in March of 2024 despite the plaintiffs attorney John W Harte stating on the record that he had absolutely no evidence or documentation to support the issuance of the no contact order except the word of the plaintiff which does not meet the standard minimum requirements required by law to issue a no contact order.

9. Judge Snelgrove has blatantly refused to dismiss the unlawful no contact order despite DSS clearance and law enforcement findings confirming no risk, further obstructing my parental rights.

**Plaintiff's attorney has engaged in professional and ethical misconduct to include:**

10. **Intentionally Lying to Judicial Officials to obtain procedural advantages**

   10.1) On February 28th 2024 the plaintiff/ respondent's attorney John W Harte maliciously and intentionally engaged in improper Ex Parte communications with The Honorable Judge Crouch and the Honorable Judge Newton by way of email (see attached email chain Exhibit )

   10.2) In said email chain John W Harte knowingly and intentionally made false representations to Judge Crouch and Judge Newton to include declaring his account of things to be true and accurate and they in fact are false

   10.3) John W Harte assisted and advised his client to false report the parties minor children as missing and notarized this declaration. John W Hartes unlawful actions achieved the issuance of an emergency hearing scheduled for the 4th Day of March 2024.

11. **Engaging in ex parte discussions with the judge.**

   11.1) John W Harte has engaged in Ex Parte Communications with Judicial Officials to obtain favorable rulings and Judicial Preference in violation of Rule 5(b)(3) & Rule 65(b) of the SC Rules of Civil Procedure.

   11.2) SC Rules of Professional Conduct (Rule 407, 3.3 CANDOR TOWARD THE TRIBUNAL as well as SC RPC Rule 407 3.3(A)(1-3), (B), (C), and (D)

12. The petitioners Husband attempted to bring John W Hartes Misrepresentations to the attention of Judge Crouch and Judge Newton however Harte responded with threats of a restraining order and a claim for damages if it wasn't dropped.

13. Refusing to correct procedural violations that harm my case.

14. The judge has failed to address or sanction Plaintiff's attorney, allowing his misconduct to continue unchecked and further obstruct judicial proceedings.

15. The judge is now set to retire by April 30th 2025, creating an urgent procedural obstruction that will prevent any resolution of these pending legal matters.

16. No other judge in Aiken County is available to hear the case due to prior recusals, making Supreme Court intervention the only available legal remedy.

For these reasons, I respectfully request the South Carolina Supreme Court issue a Writ of Mandamus, compelling the Family Court to adjudicate my Motion to Recuse and Vacate, vacate the improper custody reassignment order, and investigate judicial and professional misconduct.

Executed on this 20th Day of April 2025 in Aiken County South Carolina

Signature: _Jessica N Bradshaw_ Defendant /Petitioner , Pro Se

STATE OF SOUTH CAROLINA
IN THE SUPREME COURT OF SOUTH CAROLINA
CASE NO. 2025-000736

**JESSICA N BRADSHAW**

Defendant/Petitioner

**Vs**

**THE AIKEN COUNTY FAMILY COURT**
**THE HONORABLE JUDGE V SNELGROVE**

Respondent

**MANUELA HILL**
**JOHN W HARTE**

Plaintiff/ Respondent

**JACKIE F BUSBEE (GAL)**

Party Having Interest

## VERIFIED PETITION FOR WRIT OF MANDAMUS

To the Honorable Justices of the South Carolina Supreme Court:

## INTRODUCTION

Defendant/ Petitioner respectfully petitions the South Carolina Supreme Court for the issuance of a

Writ of Mandamus, compelling Family Court Judge  V Snelgrove to properly adjudicate Defendant's

Motion to Recuse and Vacate and to correct multiple procedural violations, judicial misconduct, and improper rulings that have caused irreparable harm.

At the hearing April 15th 2025, Judge Snelgrove repeatedly stated, "We need to do some housekeeping before we get to the meat of the motion," implying procedural adjustments were necessary before substantive arguments could be addressed. However, rather than proceeding appropriately, the judge wrongfully claimed that the grounds for recusal were not stated in Defendant's motion—a demonstrably false assertion, as the motion clearly and explicitly details the basis for recusal. This blatant misrepresentation delayed resolution, obstructed due process, and ensured critical legal issues remained unaddressed.

Additionally, the judge has turned a blind eye to the professional misconduct of Plaintiff's attorney, who has engaged in ex parte discussions, procedural manipulation, and misrepresentation of facts in an effort to undermine Defendant's ability to receive a fair hearing.

With the judge now set to retire within on April 30th 2025, her refusal to rule threatens to leave Defendant's legal challenges indefinitely unanswered, allowing erroneous custody modifications, unjust no-contact orders, and financial penalties to remain in effect without any possibility of judicial review. Supreme Court intervention is critical to prevent judicial obstruction, enforce procedural integrity, and compel compliance before retirement prevents any resolution.

## JURISDICTION & LEGAL BASIS FOR MANDAMUS

A writ of mandamus is warranted when:

1. A legal duty exists for the lower court to act.

2. The responsible party has refused or failed to perform that duty.

3. The petitioner has no alternative remedy to obtain relief.

Under Rule 245, SCACR, the South Carolina Supreme Court has original jurisdiction to issue writs of mandamus to compel lower courts to perform legally required actions.

## THE FAMILY COURT HAS A LEGAL OBLIGATION TO RULE ON DEFENDANTS MOTION

The presiding judge was required to hear and rule on the Motion to Recuse and Vacate, yet failed to do so. South Carolina law prohibits procedural obstruction of properly submitted motions.

Relevant statutes and legal precedents include:

- South Carolina Code § 63-3-530 – Courts must exercise proper jurisdiction and evidentiary review before modifying custody arrangements.

- Rule 7(b) of the South Carolina Rules of Civil Procedure – Courts must hear and rule on properly filed motions.

- Canon 3 of the South Carolina Code of Judicial Conduct.– Judges must perform duties fairly and without obstruction.

Failure to rule before retirement constitutes an improper procedural obstruction, necessitating Supreme Court intervention.

### Ex Parte Communication & Judicial Bias

Prior to hearings, Plaintiff's attorney engaged in private discussions with the presiding judge, violating Canon 3(A)(4) of the South Carolina Code of Judicial Conduct, which prohibits ex parte communication in pending cases.

Further judicial bias is evident in the judge's refusal to:

- Rule on Defendant's motion, ensuring procedural errors remain unchallenged.

- Address improper custody reassignment, which was conducted without a full evidentiary hearing.

- Correct the unjust no-contact order, issued without evidentiary support despite DSS and law enforcement clearance.

   **Case Law Supporting Recusal & Vacatur:**

- Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) – Recusal is required when there is a serious risk of actual bias or an appearance of impropriety.

- Tumey v. Ohio, 273 U.S. 510 (1927) – Judges must be free from bias and improper influence, and failure to disqualify constitutes due process violations.

- Wong Sun v. United States, 371 U.S. 471 (1963) – Illegally obtained evidence must be excluded, and any ruling based on such evidence must be vacated.

These actions constitute abuse of judicial discretion, obstructing Defendant's ability to secure fair relief.

## FAILURE TO RULE ON MOTION PERPETUATES ERRONEOUS ORDERS

The judge's failure to adjudicate Defendant's motion effectively allows multiple improper orders to remain in effect, causing irreparable harm.

A. Unlawful Custody Reassignment Without Proper Hearing

The reassignment of primary custody was conducted without a full evidentiary hearing, violating legal precedent:

- McCoy v. McCoy, 383 S.C. 554 (2009) – Custody modifications must be based on evidentiary proceedings, not summary decisions.

- Latimer v. Farmer, 360 S.C. 375 (2004) – Custody rulings must follow procedural safeguards, including full judicial review.

By deliberately avoiding ruling on the Motion to Recuse and Vacate, the judge ensures that improper custody reassignment remains uncorrected.

## No-Contact Order Issued Without Justification

The Court issued a no-contact order against Defendant/ Petitioners husband despite DSS clearance and law enforcement findings confirming no risk. This violates:

- South Carolina Code § 16-3-1910 – No-contact orders require evidence of a credible threat, which is absent in this case.

- Taylor v. Taylor, 863 S.E.2d 335 (Ct. App. 2021) – Courts must consider DSS and law enforcement findings before imposing parental restrictions.

By failing to rule on Defendant's motion, the judge knowingly allows this unjust order to remain in effect.

## Professional Misconduct by Plaintiff's Attorney

Plaintiff's attorney has actively contributed to judicial obstruction through misrepresentation of facts, refusal to correct errors, and engagement in unethical practices, including:

1. Knowingly presenting misleading arguments in court.

2. Engaging in ex parte discussions with the judge to influence rulings.

3. Obstructing Defendant's ability to receive a fair hearing by delaying filings, misrepresenting evidence, and creating procedural obstacles.

Despite these clear violations, the judge has refused to address or sanction Plaintiff's attorney, allowing the misconduct to continue unchecked, further obstructing justice.

## REQUESTED RELIEF

Defendant/ Petitioner respectfully requests the South Carolina Supreme Court:

1. Issue a Writ of Mandamus, compelling the family court judge to rule on Defendant's properly submitted Motion to Recuse and Vacate and comply with the law as she is required to do before retirement.

2. Grant an Emergency Stay of Retirement, requiring the judge to rule before departure.

3. Investigate Judicial Misconduct, including improper ex parte communication and failure to adjudicate pending legal issues.

4. Investigate Plaintiff's Attorney for Professional Misconduct, given her ongoing obstruction of due process.

5. Grant Expedited Review, recognizing the urgency of the judge's imminent retirement.

## VERIFICATION

I, Jessica N Bradshaw, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed on The 21st Day of April in Aiken County South Carolina

Signature: _Jessica N Bradshaw_ Petitioner/ Defendant, Pro Se