# EXHIBIT

# G

27July 2025

ELECTRONICALLY DELIVERED TO CHAMBERS The Honorable Judge W G Seigler Family Court Judge Eleventh Judicial Circuit

Re: Ex Parte Emergency Custody Modification & Sealed Exhibits – Hill vs Hill n/k/a Bradshaw

Dear Judge Seigler:

Please find enclosed the following documents for your immediate consideration in chambers pursuant to Rule 65(b) and Rule 41.1(b), SCRCP:

1. Verified Complaint and Emergency Motion for Custody Modification, alleging imminent harm to the minor children based on newly obtained mental health records.
2. Motion to Seal, identifying the records and justifying sealing in accordance with Rule 41.1(b).
3. Confidential Envelope, labeled *"Confidential Information to be submitted to Court in Connection with the Motion to Seal"*, containing the mental health records for in-camera review.

The relief requested is urgent. The attached documents provide sufficient verified factual support to justify ex parte intervention to prevent imminent and irreparable harm to the minor children. The undersigned stands ready to appear for hearing at the Court's earliest convenience, or to respond to any directive issued by Your Honor.

Please ensure all sealed materials are routed directly to chambers and not electronically indexed or made publicly available pending judicial ruling.

Thank you for your consideration.

Jessica N Bradshaw

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE FAMILY COURT |
| COUNTY OF AIKEN | ) | 2ND JUDICIAL CIRCUIT |
| MANUAL A HILL | ) | |
| Plaintiff | ) | CASE NO:2024-DR-02-00239 |
| | ) | |
| versus | ) | |
| | ) | EX PARTE |
| JESSICA N BRADSHAW | ) | EXPEDITED MOTION FOR |
| | ) | EMERGENCY MODIFICATION |
| | ) | |
| | ) | |
| | ) | |

EX PARTE EXPEDITED MOTION FOR EMERGENCY MODIFICATION OF CUSTODY AND PROTECTIVE REVIEW OF SUPPRESSED EVIDENCE

COMES NOW Jessica N Bradshaw, Defendant in the above captioned cause by verified complaint, to request emergency custody modification without prior notice to Plaintiff, based on newly obtained medical evidence, ongoing concealment of trauma-related findings, and forensic interviews from the Aiken Children's Advocacy Center and legitimate fear of retaliatory harm to defendant and minor children. In support, defendant states as follows:

**Emergent Evidence of Trauma Diagnoses in Minor Children**

1. Behavioral Health assessments conducted in February 2025 have resulted in multiple trauma-related mental health diagnoses across two of the minor children. These determinations were made by licensed clinicians following disclosures tied specifically to custodial transitions and interactions with Respondent. The findings include:
2. Adjustment Disorder with Mixed Emotional Features JBH (age 11) – diagnosed 02/07/2025)

3. Adjustment Disorder with Mixed Emotional Features and Anxious Mood CEH (age9) – diagnosed 02/07/2025 and 02/17/2025)
4. Clinical Staff specifically noted:
5. Documented panic attacks, somatic symptoms, emotional instability directly caused by the plaintiff
6. Behavioral Health disclosures from both children that:
    1. Express strong emotional aversion to visitation with Plaintiff
    2. Report exposure to unsecured firearms at Plaintiff's residence ("pistols in snack cabinet") or ("firearms just left laying around")
    3. Describe retaliatory conduct (e.g., Plaintiff locked all three minor children out of the house after discovering the children had disclosed the plaintiffs conduct; GAL revealing privileged statements)
7. Clinicians have recommended trauma-focused therapy and referred both children for higher-level care, confirming active harm and psychological disruption linked to current custody arrangement.
8. As of the date of this filing the plaintiff has refused to comply with the Behavioral Health referral's for a higher level of care as none of the minor children are currently in any type of counseling
9. These are not generalized behavioral observations. They are trauma-linked clinical judgments, issued after direct disclosures and observed episodes of panic, emotional instability, and somatic symptoms—each corresponding with custodial exposure.

10. Clinical staff did not merely suggest follow-up. They referred both children to trauma-focused therapeutic services and escalated care planning to outside specialists, indicating active harm and psychological disruption. These referrals represent clinical concern for both immediate safety and long-term developmental impact.

11. The diagnostic repetition across multiple children, on separate dates, from distinct practitioners, establishes a pattern of escalating emotional trauma. The timing of these assessments coincides with documented disclosures of custodial retaliation, intimidation, and unsafe environmental conditions (e.g., unsecured firearms).

12. Defendant asserts that these diagnoses, taken together, reflect urgent psychological risk, and their concealment from judicial custody review represents a grave failure of procedural integrity and child protection.

**Concealment of Forensic Interviews and Improper Subpoena Routing**

13. On March 24, 2024, attorney John Harte issued a subpoena through the Court of Common Pleas —not Family Court—demanding all records related to the minor children, including forensic interviews conducted by the Aiken CAC. (see attached)

14. These materials were delivered to counsel's private office and have never been filed under seal, submitted to the court, disclosed to Defendant, nor subjected to in-camera review.

15. The timing, method, and lack of judicial oversight suggest strategic concealment: defendant alleges that Harte obtained these records knowing they are prejudicial to his client's custody position and has withheld them to prevent judicial scrutiny.

16. Plaintiff and his counsel have unlawfully obtained verified summaries of the children's therapeutic disclosures, corroborating concerns raised during the CAC interviews. These

summaries warrant immediate judicial review and protective sealing due to their psychological sensitivity and risk of further trauma if misused.

17. No protective order was entered until August 30, 2024, more than five months later, The "protective Order " does not meet the requirements such an order is mandated to it is simply a Consent Order.(see attached)

This conduct:

18. Evaded Rule 45(a)(4) notice requirements

19. Subverted Family Court evidentiary protections

20. Created a channel for strategic suppression while excluding defendant from PHI access and placed the three minor children in immediate harm of retaliation by the plaintiff

21. Petitioner believes the subpoena's jurisdictional misrepresentation and routing scheme were designed to conceal trauma disclosures from judicial and maternal review while shaping custody orders.

**Concealment and Withholding of Medical Records for Third Minor Child**

22. The defendant has been denied access to all medical and psychological records for the third minor child. KCH (age 14)

23. Plaintiff has refused to disclose the provider, facility, diagnosis, or treatment plan.

24. The Defendant has no knowledge of vaccination status, PHI authorizations, or psychological assessments.

25. This violates S.C. Code § 63-5-30, HIPAA authorization standards, and prior court orders mandating transparency.

26. The defendant asserts the concealment pattern matches the suppression strategies already identified for the other minor children, and fears similar emotional harm is occurring undetected.

**Threat of Retaliation and Judicial Interference if Motion is Disclosed Prematurely**

27. Neither the Plaintiff nor attorney Harte are aware Petitioner possesses these medical records.

28. Disclosure of this motion prior to judicial review would likely provoke retaliation, intimidation, and further concealment.

29. Defendant has experienced prior threats and obstruction attempts following disclosures of misconduct.

30. Children have expressed distress when disclosures reach Plaintiff through GAL or custodial channels.

31. ANTICIPATED OBJECTIONS AND VERIFIED REBUTTALS In anticipation of possible objections by Plaintiff or his counsel following judicial review of this ex parte submission, the undersigned respectfully offers the following clarifications, grounded in verified evidence and prior procedural conduct:

32. .Anticipated Objection A-: *Defendant's submission is ex parte and improperly seeks relief without notice or service.*

33. Rebuttal: This Motion is filed pursuant to Rule 65(b), SCRCP, which permits emergency relief without notice when "irreparable injury, loss, or damage will result" before an adversarial hearing can be convened.

34. The verified complaint documents active clinical diagnoses of trauma linked to Plaintiff's conduct.

35. Prior disclosures have triggered documented retaliation (see Declaration ¶¶ 3, 28–30).

36. Delay of service is narrowly tailored to prevent obstruction, destruction of evidence, and imminent harm to the children.

37. Anticipated Objection B-: *Defendant improperly accessed CAC or PHI records.*

38. Rebuttal: Defendant is the biological mother of all three children and retains legal standing under S.C. Code § 63-5-30 to access records concerning her minor children's health and welfare.

39. The referenced records were obtained directly from facilities under standard parental authorization. The alleged improper routing by Plaintiff's counsel (e.g., CAC subpoena via Common Pleas court) was executed without notice or judicial oversight, and the records have never been submitted to Family Court for in-camera review.

40. Anticipated Objection C-: The August 30, 2024 "Protective Order" reflects mutual agreement and judicial oversight.

41. Rebuttal: The Order was executed by Defendant's prior counsel without Defendant's informed consent or participation.

42. Upon discovering this unauthorized action, Defendant's husband, holding power of attorney, formally terminated said counsel in writing and repudiated the negotiated terms. This repudiation undermines the Order's validity as a "consent order" and reinforces Defendant's position that it fails to meet the requirements of Rule 41.1, SCRCP, for protective sealing or judicial in-camera review.

43. Anticipated Objection D-: *Mental health findings are anecdotal, not emergent.*

44. Rebuttal: The attached diagnostic records reflect multiple trauma-linked diagnoses across two minor children, supported by Licensed clinician evaluation dates (February 2025),Referred treatment plans for trauma-focused therapy and higher-level care

45. Documented observations of panic, emotional instability, and disclosures tied to Plaintiff's custodial environment These are not parental opinions—they are clinical findings recorded in the children's electronic medical record systems and submitted under seal for judicial review.

46. Anticipated Objection E-: *The in-camera sealed submission lacks procedural basis.*

47. Rebuttal: Pursuant to Rule 41.1(b)(2), SCRCP, the undersigned has submitted the confidential records in a sealed envelope, labeled and structured for judicial in-camera review, and explicitly requested exclusion from public indexing and clerk-controlled routing. This protocol complies with South Carolina Supreme Court guidance for sensitive minor health records submitted directly to chambers.

WHEREFORE, Petitioner respectfully requests:

1. That the Court convene an immediate ex parte hearing to review the Behavioral Health findings, forensic interview suppression, and risk patterns;

2. That physical and legal custody be temporarily modified to vest solely in The defendant pending adjudication of trauma-related risks so the defendant may obtain the required level of care the children have been denied by the plaintiff;

3. That the Court issue a protective order sealing Exhibits A–C (Behavioral Health records, forensic interview references, PHI logs) and prohibit disclosure to Respondent until post-hearing review;

4. That the Court compel Plaintiff to produce all medical and psychological records for the third minor child and bar unilateral PHI control pending compliance;

5. That the Court issue findings as to suppression, concealment, and strategic misconduct affecting child welfare and court integrity;

6. That service of this motion and complaint be delayed until judicial findings are entered, to prevent interference, retaliation, or destruction of undisclosed evidence and further harm to the minor children this action concerns.

7. And for any other further relief this court deems just and proper

Respectfully Submitted

Jessica N Bradshaw
2147 Piper Rd Aiken SC 29805
dixydarlin89@gmail.com
8032261003

This the 27th Day of July 2025

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN<br>MANUAL A HILL<br>Plaintiff<br><br>versus<br><br>JESSICA N BRADSHAW | ) | THE FAMILY COURT<br>2ND JUDICIAL CIRCUIT<br><br>CASE NO:2024-DR-02-00239<br><br><br>DECLARATION IN SUPPORT<br>OF EX PARTE EMERGENCY<br>MODIFICATION OF CUSTODY |

I, Jessica Hill, declare under penalty of perjury as follows:

1. I am the biological mother of the minor children referenced in the above-referenced matter. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. Since the initiation of these proceedings, I have encountered repeated acts of procedural obstruction, suppression of evidentiary materials, and retaliatory threats from opposing counsel and affiliated parties.

3. Threats against my safety and the well-being of the children have escalated following each attempt to submit forensic and trauma-related documentation. These include intimidation tactics, contact attempts to protected numbers, and interference with service of process.

4. Medical, psychological, and forensic documents relevant to the risk assessment have been tampered with, improperly withheld from the record, or redirected by administrative actors. Attempts to file such documents have resulted in unexplained delays, denials, or omission from the docket.

5. I have documented each instance in sealed exhibits submitted concurrently with this motion. These exhibits contain confidential health summaries, behavioral intervention records, and screenshots of direct threats.

6. I respectfully request that the Court take judicial notice of ongoing suppression and consider this declaration in support of immediate protective relief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on [insert date], in Aiken County, South Carolina.

Signature: Jessica N Bradshaw Jessica Hill N/K/A Bradshaw

Respectfully Submitted

Jessica N Bradshaw
Jessica N Bradshaw
2147 Piper Rd Aiken SC 29805
dixydarlin89@gmail.com
8032261003

This the 27th Day of July 2025