# EXHIBIT

# H

Jessica N. Bradshaw
2147 Piper Rd Aiken SC 29805
dixydarlir       gmail.com
8032261003

August 6, 2025

Clerk of Court South Carolina Supreme Court 1231 Gervais Street Columbia, SC 29201

Re:

Please accept the enclosed Emergency Ex Parte request for Immediate Judicial Intervention and Temporary Injunctive Relief I am requesting emergency immediate review. This submission as well as the july 27th and August 4th include disclosures of current suicidal idealization and disclosure of at least on recent suicide attempt by minor child..

For clarity and judicial economy, I have not reattached exhibits previously submitted with my initial petition. All referenced materials remain part of the record.

I respectfully request that this filing be reviewed promptly given the ongoing urgency and the irreparable harm at issue. Please do not hesitate to contact me at the information listed above should the Court require additional materials or clarification.

Respectfully submitted,

*Jessy Bradshaw*
Jessica N. Bradshaw
2147 Piper Rd Aiken SC 29805
dixydarlir    gmail.com
8032261003                    This the 6th day of August 2025
Pro Se Litigant

STATE OF SOUTH CAROLINA

IN THE SUPREME COURT OF SOUTH CAROLINA

CASE No: 2025-_____

August 5th 2025

JESSICA N BRADSHAW

Petitioner

vs.

MANUEL A HILL          Respondent

**EMERGENCY EX PARTE REQUEST FOR**

**IMMEDIATE JUDICIAL INTERVENTION AND**

**TEMPORARY INJUNCTIVE RELIEF**

Jessica N Bradshaw, Petitioner in the above captioned action respectfully submits this Emergency Ex Parte Request for Immediate Judicial Intervention and Temporary Injunctive Relief, pursuant to the Supreme Court's original jurisdiction Filed Pursuant to Article V, Section 5 of the South Carolina Constitution —( Relief Sought as a Matter of Life and Death).The Petitioner, Jessica N. Bradshaw, is proceeding *pro se* with full legal standing and submits this emergency petition to prevent further psychological harm to her minor children resulting from unlawful custody reassignment, retaliatory contact deprivation, narcissistic abuse, and denial of court mandated therapeutic access. The children are currently under extreme emotional distress, one of which is confirmed to be struggling with self disclosed suicidal ideation, withdrawal, and trauma-induced behavioral regression—all of which have been clinically documented and attributed to being in the primary care of the respondent. On August 2nd 2025 During a mental health crisis one minor child admitted to having recently attempted suicide to law enforcement and ems.

**Unconstitutional No-Contact Orders Against Lawful Third Parties Issued Without Jurisdiction :**

1. The No Contact Order issued against petitioners Husband as a third party without service of summons and complaint or opportunity to be heard was issued lacking personal jurisdiction. Rule 19(a), SCRCP, -. a person must be joined as a party if their absence would impair their interests or subject existing parties to inconsistent obligations. If a third party hasn't been properly joined, the court lacks authority to bind or restrain them.

2. Also United States v. Amodeo, *916 F.3d 967*, and Doe No. 1 v. United States, *749 F.3d 999*, both affirm that courts must confirm jurisdiction before issuing orders affecting nonparties- and Rhode Island v. Massachusetts, *37 U.S. 657, 718 (1838)*, where the U.S. Supreme Court

emphasized that jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, and to adjudicate or exercise any judicial power over them. Without jurisdiction over a party, a court cannot impose obligations or restraints on them.

3. The orders issued on March 4, 2024 and January 15, 2025 were entered without jurisdictional validity or procedural integrity, and their continued enforcement constitutes an active threat to the children's mental health.

4. The March 8, 2025 "No Contact" directive operates as a punitive shield against intervention and parental support, despite direct evidence of harm. Petitioner has exhausted traditional remedies and now seeks immediate Judicial Intervention and Temporary Injunctive Relief

5. Petitioner therefore requests formal declaration that the March 8 order, the resulting contempt finding, and the reassignment of primary custody directive are null, invalid, and unenforceable under both state and federal law.

**Lack of Joinder and Jurisdiction Over Third Party:**

6. The NCO unlawfully restrained contact with a third party who was neither named, served, nor joined to the underlying action, violating SCRCP Rule 19(a), the Due Process Clause of the Fourteenth Amendment, and long-established jurisdictional precedent (*Rhode Island v. Massachusetts*, 37 U.S. 657).

**Contempt Ruling in Reliance on Void Order:**

7. The contempt finding rests solely on alleged violations of the aforementioned NCO, rendering it procedurally and constitutionally defective.

8. Petitioner asserts that the inferior court's conduct constitutes a gross abuse of discretion, exceeds lawful jurisdiction, and demands immediate supervisory restraint to prevent further harm to the minor children involved, preserve constitutional safeguards, and restore judicial neutrality pending full review.

## JURISDICTION AND LEGAL BASIS

9. The South Carolina Supreme Court retains original jurisdiction to issue extraordinary writs and to supervise inferior courts where necessary to prevent grave injustice. See State ex rel. McLeod v. Civil and Criminal Court of Charleston, 265 S.C. 270, 217 S.E.2d 23 (1975).

10. Relief is sought under the Court's inherent authority to issue writs of prohibition, mandamus, and injunction where inferior courts exceed jurisdiction or violate constitutional rights. See Burns v. State, 312 S.C. 117, 439 S.E.2d 246 (1993).

11. Emergency ex parte relief is appropriate where delay would result in irreparable harm, and where notice would frustrate the purpose of the relief sought. See Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008) (irreparable harm standard); Elrod v. Burns, 427 U.S. 347 (1976) (loss of constitutional rights constitutes irreparable injury).

## FACTUAL AND PROCEDURAL TIMELINE

12. Petitioner submits the following timeline to demonstrate the unconstitutional and retaliatory nature of the proceedings below, and the urgent need for supervisory intervention:

13. February 2024: Respondents counsel John Harte, initiates 2nd Judicial Circuit Family Court proceedings via ex parte filings and mischaracterized pleadings made to Judicial Officials of the

Eleventh Judicial Circuit. Knowingly omitting material facts and misidentifying lawful third-party relationships as threats to gain procedural advantage.

14. March 1st 2024 @ 4:50 pm petitioner was served with redacted summons and complaint for emergency hearing granted for March 4th 2024. At which Judge Smithdeal issued a no contact order restricting the rights of a non party 3rd – Petitioners lawful partner—without jurisdiction. evidentiary hearing, or procedural safeguards. This order was issued in violation of Rule 19(a), SCRCP (necessary parties), and constitutes an unlawful restraint on familial association.

15. March 2024 - Current: Petitioners lawful husband is denied meaningful access to the children, despite no findings of unfitness or danger. Multiple filings seeking reconsideration and clarification were either ignored or procedurally obstructed and out right refused by the clerks office.

16. December 30th 2024 respondents counsel unlawfully procured a rule to show cause claiming violation of the March 4th 2024 no contact order held January 15th 2025 at which the judge reassigned primary custody to the respondent improperly without evidentiary hearing or procedural safeguards Despite undeniable evidence proving no violation occurred, based on misrepresented prior orders from march 4th 2024 falsely asserting petitioner was prohibited . and or responsible for enforcement when no such prior orders exist

17. February 2025: Clinician documentation confirms severe psychological deterioration in two of the parties 3 minor children directly linked to the unconstitutional reassignment of primary custody and enforced separation and retaliatory court orders and linking cause of the trauma to the respondent.

18. February 2025 Current: Petitioner made several attempt to file emergency motions in family court, citing jurisdictional overreach and constitutional violations. However Heidi Willbanks from the clerks office would mainly refuse any filings citing "theres no order for the judge to sign"

19. February 2025: Petitioners Husband attempted to file a motion to intervene in the family court action how ever doing so was prevented by the Clerk of Court him self who refused to accept the intervene motion on the ground that " Rule 24 motions to intervene do not apply to family cor t"

20. Petitioners Husband filed a Petition for a permanent restraining order against respondent in The Court fo Common Pleas May 30th 2025 and despite having been sucessfully served on responded June 18th 2025 the Clerks office continues to interfere and has refused to schedule it for hearing or review by The Judge

21. July 27 2025 : Emergency ex parte packet is sent to assigned CAJ assigned by the SC Supreme Court it remains unopened and overlooked. Packet contained Clinician Notes regarding concerns regarding access to unsecured firearms at respondents residence " gun in the snack Cabinet" , Minor child discloses "I dont think its a good idea for me to be left alone with my thoughts" as well as on going suicidal ideation and prior suicide attempt January 2025"

This timeline demonstrates a pattern of judicial misrepresentation, procedural sabotage, and unconstitutional restraint, culminating in ongoing psychological harm to minor children and deprivation of protected familial rights.

## Emergency Custody Relief Based on Verified Psychological Harm and Therapeutic Urgency

Petitioner immediately follows with an emergency request for custodial suspension and restoration of maternal access based on verified medical necessity:

22. Clinician Evidence of Imminent Harm: Licensed professionals have documented the child's ongoing psychological deterioration—including suicidal ideation—directly correlated to custodial exposure to Respondent and deprivation of maternal contact.

23. No Evidentiary Findings of Unfitness or Harm by Petitioner: Court orders depriving Petitioner of access were issued without hearing, findings, or legal justification, violating Stanley v. Illinois, 405 U.S. 645 and Troxel v. Granville, 530 U.S. 57.

24. Unavailability of Remedies Below: Family Court has declined jurisdictional review and obstructed filings since June 2024, necessitating this supervisory request.

**Requested Emergency Relief:**

1. Suspend all enforcement of Family Court orders dated March 4, 2024, January 15, 2025, and March 8, 2025.

2. Declare those orders constitutionally and procedurally void.

3. Grant Petitioner emergency temporary custody pending further review, conditioned on immediate therapeutic compliance and clinician support.

4. Grant immediate judicial review and hearing of this motion.

Respectfully Submitted

*Jessica Bradshaw* (signature)
Jessica N Bradshaw
2147 Piper Rd Aiken SC 29805
8032261003

This the 5th Day of August 2025

1.

I, Jessica N. Bradshaw, am the Petitioner in the above-captioned matter. I verify under penalty