IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John L. Bradshaw, | ) | C/A No.: 1:25-11202-JDA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| The Honorable Judge J. Smithdeal,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

John L. Bradshaw ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C § 1983 against South Carolina Family Court Judge J. Smithdeal ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.  Factual and Procedural Background

Plaintiff alleges Defendant issued an order ("Order") on March 4, 2024, directing there be no contact between him and the children of Jessica Nicole

---

[1] Plaintiff also lists in his caption "All Persons Acting in Concert or Participation." The undersigned recommends the Clerk of Court be directed to strike this defendant, as it is improperly vague and Plaintiff makes no allegations against such a defendant.

Pennington Hill, Plaintiff's then-girlfriend.[2] [ECF No. 1 at 4; ECF No. 1-1]. The Order was filed in a Family Court case between Hill and her ex-husband. *Id.* Plaintiff alleges Defendant was without jurisdiction to issue the order because Plaintiff was not named in the case.[3] He alleges the Order violates his freedom of speech and his Fourteenth Amendment rights. Plaintiff seeks injunctive relief and a declaration that the Order is unconstitutional and void. [ECF No. 1 at 7].

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

---

[2] It appears Hill and Plaintiff have since married.
[3] The Order directs Hill, the mother, to ensure compliance with the Order and does not direct action from Plaintiff.

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

3

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    The *Rooker-Feldman* Doctrine Bars Review

Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court."[4] *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it."

---

[4] Plaintiff states that the *Rooker-Feldman* applies only to final judgments. [ECF No. 1 at 7]. However, the Fourth Circuit has discussed when the *Rooker-Feldman* doctrine can be applied, including before the state court renders a decision under certain circumstances. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 318 (4th Cir. 2003). Further, to the extent state court proceedings are ongoing in the Family Court, this matter is subject to abstention under *Younger v. Harris*, 401 U.S. 37, 44 (1971).

*Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser[5] who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. Because Plaintiff's complaint challenge rulings made by a South

---

[5] To the extent Plaintiff would argue he is not a state court "loser" because he was not a party to the Family Court matter, the court should find he has not shown he has standing to challenge an order to which he is not a party and which does not direct any action from him.

5

Carolina state courts, including Family Court, the complaint is subject to summary dismissal.

### 2. Judicial Immunity

Defendant is a judge and therefore immune from claims arising out of his judicial and quasi-judicial acts unless he acted in the absence of jurisdiction. *See, e.g., Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages).[6] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978). Rather, the doctrine of judicial immunity is only overcome when a judge's actions are not taken in his judicial capacity or when they are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991). With respect to the first inquiry, courts must "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply

---

[6] Although the undersigned has directed "All Persons Acting in Concert or Participation" is not a proper defendant, the undersigned notes that judges' staff and court staff are also immune. *Holcomb v. Greenville Cnty. Clerk of Ct.*, C/A No. 6:17-cv-02001-MGL-SVH, 2017 WL 4023128, at *3 (D.S.C. Aug. 23, 2017), report adopted, 2017 WL 4012389 (D.S.C. Sept. 12, 2017) (noting that immunity was extended to court support personnel because "disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts" (internal citation and quotation marks omitted)).

6

happen to have been done by judges." *Forrester v. White*, 484 U.S. 219, 227, (1988). Here, the actions taken by Defendant are clearly in his judicial capacity.

The concept of judicial immunity applies to injunctive and declarative relief in addition to claims for monetary damages. In *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in h[is] judicial capacity." However, in 1996, "Congress passed the Federal Courts Improvement Act, amending Section 1983 with the intent to overrule *Pulliam*." *Allen v. DeBello*, 861 F.3d 433, 439 (3d Cir. 2017); *see also Donato Malave v. Abrams*, 547 F. App'x. 346, 347 (4th Cir. 2013). Currently, "[j]udicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity." *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-cv-02819-RDP, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014). *2 Further, "a complaint seeking a declaration of past wrongdoing by a judge, in contrast to one seeking to halt a present or ongoing violation of federal law, is not a claim for prospective injunctive relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity." *Black v. West Virginia*, Civ. No. 19-0561, 2019 WL 4866216, at *6 (S.D.W. Va. Sept. 11, 2019); *see also Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) ("[I]t is well established that judicial immunity bars claims . . . for retrospective declaratory

7

relief of a violation of federal law."); *Klayman v. Rao*, Civ. No. CRC-21-2473, 2021 WL 4948025, at *3 (D.D.C. Oct. 25, 2021) (same); *see also Green v. Mansour*, 474 U.S. 64, 73 (1985) (concluding that issuing a declaratory judgment against state social services agency was improper where "there [was] no claimed continuing violation of federal law," and because there was "a dispute about the lawfulness of [the agency's] past actions," a declaratory judgment "would have much the same effect as a full-fledged award of damages or restitution").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be summarily dismissed.[7]

IT IS SO RECOMMENDED.

August 21, 2025                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[7] Because Plaintiff's claims would ultimately fail if he were permitted to amend his complaint, the undersigned recommends the district judge order the dismissal without leave for amendment.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).