| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE FAMILY COURT |
| COUNTY OF AIKEN | CASE NO. 24-DR-02-0 |
| MANUEL ALEXANDER HILL | |
| PLAINTIFF | |
| VERSUS | ORDER |
| JESSICA NICOLE PENNINGTON HILL | |
| DEFENDANT | |

DATE OF HEARING: MARCH 4, 2024
PRESIDING JUDGE: HON. JOSEPH C. SMITHDEAL
ATTORNEY FOR PLAINTIFF: JOHN HARTE
ATTORNEY FOR DEFENDANT: PRO SE
GUARDIAN AD LITEM: JACKIE BUSBEE
COURT REPORTER: DCRP

This matter is before the Court pursuant to an Order for Emergency Hearing and Relief granted by Judge McGee and filed by the Plaintiff.

The Plaintiff was present with his attorney John Harte. The Defendant was present Pro-se.

An oral motion was made by the Defendant to continue the hearing on the grounds of insufficient service. That motion was denied. Pursuant to the Order granting an emergency hearing, the Defendant was entitled to 24 hours' notice. The Defendant was given notice as required.

Based upon the record before this Court, the Court makes the following statements, findings of facts and conclusions of law.

The Plaintiff and Defendant are residents of Aiken County South Carolina. The children whose custody is at issue in this action reside in Aiken County, South Carolina.

FILED
AIKEN COUNTY
MAR 08 2024
1:18 AO
CLERK OF COURT

RECEIVED
MAR 08 2024
AOG 2:43
ACSO CIVIL PROCESS

The parties share joint custody on a week-to-week basis pursuant to the Decree of Divorce entered in this Court on October 16, 2023

This Court finds that the Defendant has kept the children from school without just cause and has denied visitation. I further find that the Defendant is living with an individual, John Bradshaw. The allegations regarding Mr. Bradshaw are troubling. He is facing charges of pointing and presenting in Aiken County. The Plaintiff's affidavit includes other allegations which are not as yet proved. John Bradshaw has instigated confrontations and is a bad influence in this case. This Court finds that contact between the children and John Bradshaw, who is not married to the Defendant, is not in the children's best interest. Therefore, pending further Order, the Defendant's boyfriend, John Bradshaw, is no longer allowed contact with the minor children, directly, indirectly, or through third party communications.

The Court also determined that the father has a fiancé who is living with him. This Court will not sanction that conduct and the father was admonished that he should either marry the fiancé or move her out of the home where the children come when they are with the father.

The Defendant may not keep the children from school and, under penalty of contempt, when the children are with the Defendant, the Defendant will ensure that, the children attend school regularly beginning 3/4/24.

The Divorce Decree which was entered in October, 2023 remains in full force and effect and, on pain of contempt, the parties will follow the visitation schedule set forth in their final order in case number 20-DR-02-1019.

Each party is permitted 2 calls minimum per week with each child while the children are with the other party. If the children have a phone of their own they may contact each party freely.

Both parties will refrain from discussing any pending litigation between the parties with the children or in front of the children with others.



2.

Both parties must obtain the Our Family Wizard App and they must use that for all communications with each other. All child activities shall be posted on OFW. The Guardian must be given access to all communications and posts.

Both parties will refrain from speaking negatively or making disparaging comments about the other to the children or in the presence of the children. Both parties will refrain from making negative and disparaging comments about the other to any family members.

Pending further Order or written consent for the other party, neither party is permitted to remove the children from the state of South Carolina. The Parties will inform each other if the children are to be out of Aiken County for more than an overnight. The parties may not take the children beyond the boundaries of South Carolina unless a medical emergency requires them to take the children to a medical facility in Augusta, Ga.

Removal from the State of South Carolina or a failure to keep the other parent informed as to the whereabouts of the children will be a sufficient grounds to trigger the Parental Kidnapping Act and will justify an immediate order changing custody.

Jackie Busbee is appointed as Guardian ad Litem. Within 10 days of the date of this Order, the parties will each pay $750.00 as an initial retainer. The initial cap on GAL fees is $2,500.00. The Guardian is requested to provide an initial report within 60 days of the filing of this Order.

Each party must submit an updated financial declaration to the court within 10 days of March 4, 2024. The court reserves the right to modify child support when those financial declarations are received. In that regard, the Court notes that the Divorce Decree does not require child support from either party.

The request for attorneys' fees is held in abeyance.

Upon receipt of the interim report from the Guardian Ad Litem, either party may request



a de novo hearing as to the relief granted in this Order.

## ORDER OF THE COURT

Accordingly, it is

ORDERED that the Defendant's boyfriend, John Bradshaw, shall have no contact with the minor children, directly, indirectly, or through third party communications. And it is

FURTHER ORDERED that the Defendant shall ensure the children attend school regularly beginning 3/4/24. And it is

FURTHER ORDERED that the Divorce Decree in case number 20-DR-02-1019 shall remain in full force and effect the parties shall follow the visitation schedule set forth in that same Order. And it is

FURTHER ORDERED that each party shall have two (2) calls minimum weekly with each child while the children are with the other party for visitation. If the children have a phone of their own they may contact each party freely. And it is

FURTHER ORDERED that both parties shall refrain from discussing any pending litigation between the parties with the children or in front of the children with others. And it is

FURTHER ORDERED that both parties shall refrain from speaking negatively or making disparaging comments about the other to the children or in the presence of the children. And it is

FURTHER ORDERED that both parties shall refrain from making negative and disparaging comments about the other to any family members. And it is

FURTHER ORDERED that neither party shall remove the children from the state of South Carolina except by written consent or for emergency medical treatment. The parties shall inform the other if the children will be staying overnight outside of Aiken County. Any violation

of this clause shall trigger the Parental Kidnapping Act and shall result in an Order granting immediate change of custody to the non-offending party. And it is

**FURTHER ORDERED** that the parties shall communicate through Our Family Wizard. The parties shall post all child activities on OFW. The parties shall give the Guardian ad Litem access to the communications and posts made in OFW. And it is

**FURTHER ORDERED** that Jackie Busbee shall be appointed to serve as Guardian ad Litem. Within 10 days of the date of Order of appointment each party shall pay to the GAL a retainer in the amount of $750.00. The initial cap on GAL fees shall be $2,500.00. And it is

**FURTHER ORDERED** that the GAL shall submit an interim report within 60 days of her appointment. Upon receipt of the GAL's interim report, either party may request a de novo hearing on the relief granted in this Order. And it is

**FURTHER ORDERED** that Each party shall submit an updated financial declaration to the court within 10 days of March 4 2024. And it is

**FURTHER ORDERED** that the Court reserves the right to calculate child support based upon the information provided in the parties' financial declarations. And it is

**FURTHER ORDERED** that attorney's fees shall be held in abeyance. And it is

SO ORDERED

Judge Joseph C. Smithdeal
Presiding Family Court Judge, 2nd Judicial Circuit

Done this the ___7___ day of __March__ 2024