UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

1:25 cv 11202 - JDA

JOHN L BRADSHAW

Plaintiff

RCV'D - USDC COLA SC
AUG 22 '25 PM3:29

vs

THE HONORABLE JUDGE J. SMITHDEAL( in his official capacity, responsible for issuing a no contact order absent all jurisdiction

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION AND REQUEST FOR DE NOVO REVIEW**

Plaintiff objects to the Magistrate Judge's Report and Recommendation recommending dismissal of the complaint. The recommendation misstates the nature of the March 4, 2024 Family Court order, misapplies jurisdictional doctrine, and shields unconstitutional conduct under judicial immunity. The order explicitly restrains Plaintiff—by name—without service of summons or complaint, without

joinder, and without jurisdiction. It is not a collateral judgment—it is a void act that imposes ongoing constitutional harm.

1. **Objection 1: The Magistrate's Report and Recommendation Contradicts the March 4, 2024 Order**

2. The Report and Recommendation asserts that the Family Court order "does not direct action from Plaintiff." This is factually and legally incorrect. The March 4, 2024 order explicitly states: "John Bradshaw SHALL have no contact with the minor children, directly, indirectly, or through third party communications." That language is a direct judicial restraint targeting Plaintiff by name.

3. Plaintiff was not served with summons or complaint, was not joined as a party, and was not afforded any opportunity to be heard. The Family Court lacked jurisdiction over Plaintiff, yet issued a binding command restricting his speech, association, and movement. The restraint is not collateral—it is active, ongoing, and unconstitutional.

4. **Objection 2: The Magistrate's Report and Recommendation Misrepresents Enforcement Obligations**

5. The Report and Recommendation claims that "the Order directs Hill, the mother, to ensure compliance with the Order." This is factually false. The March 4, 2024 order contains no language assigning enforcement responsibility to Hill regarding the no-contact provision.

6. The only directive to Hill pertains to school attendance: "The Defendant shall ensure the children attend school regularly beginning 3/4/24." There is no clause requiring Hill to monitor, restrict, or enforce Plaintiff's contact with the children.

7. The no-contact provision is directed solely at Plaintiff. The magistrate's claim misrepresents the plain language of the order and attempts to reassign enforcement responsibility to a party who was not tasked with it.

8. This contradiction undermines the R&R's jurisdictional analysis and its conclusion that Plaintiff lacks standing. The order targets Plaintiff directly, without service, joinder, or jurisdiction, and without assigning enforcement to any party. That restraint is unconstitutional and void ab initio.

**Objection 3 The R&R Contradicts Rooker-Feldman**

9. The R&R invokes the Rooker-Feldman doctrine to bar Plaintiff's claims. But Plaintiff was not a party to the underlying Family Court proceeding, was not served, and was not given an opportunity to be heard.

10. Even in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Court narrowed the doctrine, emphasizing **it applies only to "state-court losers"** seeking federal review of final judgments. Plaintiff is not a "loser" in a state case— Because Plaintiff wasever in it.

11. Rooker-Feldman cannot bar plaintiff's federal claims because plaintiff is not a named party to the state court action. That's a procedural fact the magistrate either ignored or misrepresented

12. *Behr v. Campbell*, 11th Cir. No. 18-12842 (2021), reaffirmed that federal claims seeking relief from ongoing constitutional violations—not reversal of state judgments—fall outside Rooker-Feldman.

**Objection 4, Plaintiff In Fact Does Have Standing to Challenge Ongoing Constitutional Harm**

Contrary to the R&R's assertion that the order does not direct action from Plaintiff, the March 4, 2024 order explicitly states that 'the defendant's boyfriend John Bradshaw SHALL no longer have contact with the minor children.' This is a direct restraint on Plaintiff's conduct, issued without service of summons or complaint, and without jurisdiction. The use of mandatory language ('SHALL') constitutes state action targeting a third party. This restraint violates Plaintiff's constitutional rights to speech, association, and due process." . These are concrete injuries.

- *Speech First, Inc. v. Killeen*, 968 F.3d 628 (7th Cir. 2020): Standing exists where policies create an objectively reasonable chilling effect on speech.

- *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958): Restrictions on association and speech confer standing due to chilling effect.

- *Bell v. Keating*, 697 F.3d 445 (7th Cir. 2012): Credible threat of enforcement or restraint supports standing.

**Request for Judicial Clarification**

- If the Court maintains that the March 4, 2024 order does not direct action from Plaintiff, then Plaintiff respectfully requests that the Court make a formal determination as to whether Plaintiff is legally required to comply with the order. The language—*"John Bradshaw SHALL have no contact with the minor children"*—constitutes a direct restraint on Plaintiff's conduct. Plaintiff was not served, not joined, and not afforded any opportunity to be heard.

- Furthermore, if the Court deems the order non-binding against Plaintiff, then by extension it must also be deemed non-binding against Hill, the mother. The order contains absolutely no

language assigning Hill any responsibility to monitor, restrict, or enforce Plaintiff's contact with the children.

- There is no directive requiring Hill to act, nor any enforcement clause placing her under penalty for noncompliance with the no-contact provision. If the restraint is unenforceable against Plaintiff, it cannot be enforced through Hill either.

- Plaintiff requests that the Court clarify whether the March 4, 2024 order imposes any legal obligation on either Plaintiff or Hill with respect to the no-contact provision. If the Court finds the provision binding, then it must acknowledge that it imposes unconstitutional restrictions on a third party without service, joinder, or jurisdiction.

Denial of Leave to Amend Is Procedural Sabotage

The R&R recommends dismissal without leave to amend, despite Plaintiff's pro se status and factual constitutional claims. The March 4th order states

- It is ORDERED that the Defendant's boyfriend, John Bradshaw, shall have no contact with the minor children, directly, indirectly, or through third party communications."

That's not advisory. That's a binding judicial command—issued against a third party (plaintiff) who:

- Was not served with summons or complaint

- Was not joined as a party

- Had no opportunity to be heard

- Is not subject to Family Court jurisdiction

Enforcement Obligations on the Defendant

. The order does not instruct Hill to enforce the no-contact provision. It places the burden directly on plaintiff, despite his non-party status. The only enforcement obligation placed on Hill is regarding school attendance—not plaintiffs conduct.

This means:

- The magistrate's claim that the order "does not direct action from Plaintiff" is factually false.
- The restraint is not collateral—it's a direct constitutional violation.
- The Family Court acted ultra vires, against a party it has no jurisdiction over
- 

Conclusion

Based on the foregoing facts stated above the plaintiff objects to the Magistrates R&R and respectfully Demands De Nono review by the District Court Judge based on the objections as stated above further the plaintiff requests Judicial Clarification as requested above

Respectfully Submitted

*[signature]*

John L Bradshaw
2147 Piper Rd Aiken SC 29805
jbradshaw566@gmail.com
8036150815

This the 22nd Day of August 2025