IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John L. Bradshaw, ) | Case No. 1:25-cv-11202-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| The Honorable Judge J. Smithdeal, ) | |
| All Persons Acting in Concert or ) | |
| Participation, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, Plaintiff's motions for de novo review and to admit audio evidence, and Plaintiff's expedited motion for emergency hearing and temporary relief.  [Docs. 1; 11; 14; 19; 20.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On August 21, 2025, the Magistrate Judge issued a Report recommending that the case be summarily dismissed without leave for amendment.  [Doc. 11.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 9.]  On August 22, 2025, Plaintiff filed a document titled "Plaintiff's Objection to the Magistrate's Report and Recommendation and Request for De Novo Review."  [Docs. 13; 14 (capitalization

omitted).[1]]  On October 27, 2025, Plaintiff filed an expedited motion for emergency hearing and temporary relief and a motion to admit audio evidence.  [Docs. 19; 20.]

## BACKGROUND

Plaintiff alleges Defendant Judge J. Smithdeal ("Judge Smithdeal") issued an order (the "Order") on March 4, 2024, directing that there be no contact between him and the children of Jessica Nicole Pennington Hill ("Hill"), Plaintiff's then-girlfriend (the "Children"), who Plaintiff has since married.  [Docs. 1 at 4 ¶¶ 6, 12; 1-2; 1-6 at 3.]  Judge Smithdeal filed the Order in a family court case between Hill and her ex-husband.  [Doc. 1 at 3 ¶ 3.]

Plaintiff alleges that Defendant lacked jurisdiction to issue the Order because Plaintiff was not named as a defendant in the family court case or served, noticed, or afforded an opportunity to be heard before the Order was issued.  [*Id.* at 4 ¶¶ 8–9.] Plaintiff alleges the Order violates his First and Fourteenth Amendment rights by requiring him not to have contact with Hill's children.  [*Id.* at 10 ¶¶ 1–2, 11 ¶¶ 4–7, 10.]  Plaintiff seeks injunctive relief and a declaration that the Order is unconstitutional and void.  [*Id.* at 12–13.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the

---

[1] This same document is filed at Docket Entry Numbers 13 and 14.

matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Id.*

## APPLICABLE LAW

Plaintiff is proceeding pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the party proceeding pro se could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the pro se party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

3

Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

**The Report**

Initially, the Report concludes that notwithstanding Plaintiff's allegation that the Order directs him not to have any contact with Hill's children, the Order actually "directs Hill, the mother, to ensure compliance with the Order and does not direct action from Plaintiff." [Doc. 11 at 2 n.3.] The Report further states that Plaintiff "has not shown he has standing to challenge an order to which he is not a party and which does not direct any action from him." [*Id.* at 5 n.5.] The Report recommends dismissal of Plaintiff's action for two reasons. First, the action is barred under the *Rooker-Feldman* doctrine because Plaintiff is challenging rulings made by South Carolina state courts. [*Id.* at 4–6.] Second, Judge Smithdeal is entitled to judicial immunity and "All Persons Acting in Concert or Participation" is not a proper defendant and is also entitled to immunity. [*Id.* at 6–8 & n.6.]

**Plaintiff's Objections**

In his objections, Plaintiff makes multiple arguments. First, he contends that the Magistrate Judge erred in concluding that the Order directs only Hill's actions and does not direct action from Plaintiff and, alternatively, he requests clarification from this Court as to the obligations that the Order places on Plaintiff and Hill. [Doc. 13 at 2–6 (Objections 1 and 2 and Request for Judicial Clarification).] Second, he argues that the *Rooker-Feldman* doctrine does not bar this action because he was not a party to the family court case, was not served, and was not given an opportunity to be heard. [*Id.* at 3

4

(Objection 3).]  Third, he contends that he has standing to challenge ongoing harm to his constitutional rights as a result of the Order.  [*Id.* at 3–4 (Objection 4).]

**The Court's Analysis**

Initially, the Court agrees with Plaintiff that the *Rooker-Feldman* doctrine does not bar this action because Plaintiff was not a party to the action in which the Order was issued.[2]  *See Holliday Amusement Co. of Charleston v. South Carolina*, 401 F.3d 534, 538 (4th Cir. 2005) ("[T]he *Rooker-Feldman* doctrine is inapplicable in instances in which the person asserting the claim in federal court was not a party to the state proceeding.").  The Court also agrees with Plaintiff that he has standing to assert his claims that Judge Smithdeal violated his rights by enjoining him from being in contact with Hill's children.[3]

Plaintiff offers no challenge to the Magistrate Judge's conclusions that Judge Smithdeal is entitled to judicial immunity and that "All Persons Acting in Concert or Participation" is not a proper defendant.  Nonetheless, out of an abundance of caution for

---

[2] "Under the *Rooker-Feldman* doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court."  *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (internal quotation marks omitted).

[3] As noted, the Report concludes that Plaintiff lacks "standing to challenge an order to which he is not a party and which does not direct any action from him."  [Doc. 11 at 5 n.5.]  However, construed liberally, the Complaint alleges that the Order directs action from Plaintiff [Doc. 1 at 4 ¶ 6], and this Court "assumes the merits of a dispute will be resolved in favor of the party invoking [this Court's] jurisdiction in assessing standing . . . ."  *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 99 (4th Cir. 2011).

5

the pro se Plaintiff, the Court has reviewed these issues de novo,[4] and the Court agrees with the Magistrate Judge that Plaintiff's claims are subject to summary dismissal.[5]

## CONCLUSION

In sum, based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge in part and rejects it in part. For the reasons discussed, Plaintiff's action is DISMISSED without leave to amend and without prejudice. Plaintiff's motion for de novo review [Doc. 14] is GRANTED. Plaintiff's expedited motion for emergency hearing and temporary relief [Doc. 19] is DENIED, and Plaintiff's motion to admit audio evidence [Doc. 20] is FOUND AS MOOT.[6]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 21, 2025
Columbia, South Carolina

---

[4] For this reason, Plaintiff's motion for de novo review [Doc. 14] is granted.

[5] Because the action is subject to summary dismissal on this basis, the Court need not address Plaintiff's objections concerning whether the Magistrate Judge properly interpreted the Order not to direct any action by Plaintiff. However, the Court observes that Plaintiff's interpretation of the Order as binding on him seems an unlikely construction given that Plaintiff was not a party to the case. *See, e.g.*, *Brooks v. Holly Hill Police Dep't*, No. 5:21-cv-3283-BHH-MHC, 2024 WL 4046242, at *2 (D.S.C. July 25, 2024) (Generally, "a court may not enter an injunction against a person who has not been made a party to the case before it." (internal quotation marks omitted)), *Report and Recommendation adopted by* 2024 WL 4045864 (D.S.C. Sept. 4, 2024). Indeed, in a subsequent motion by Hill's ex-husband requesting a change of custody of the Children, a different family court judge described the Order as prohibiting *Hill* "from allowing [Plaintiff] to be in the presence of the children." [Doc. 1-6 at 2–3; *see id.* at 7 ("The prohibition against [Hill] allowing [Plaintiff] to be in contact with or in the presence of the Children remains in force.").]

[6] The motion is found as moot because consideration of the additional evidence would not change the conclusion that this case is subject to summary dismissal.

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.